UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

EDDIE GIBBS                                                                                              PLAINTIFF

V.                                       No. 3:20-CV-00347-JM-JTR

GLENN, Sergeant,
Greene County Detention Facility, *et al.*                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.   Discussion

On November 16, 2020, mail sent to Plaintiff Eddie Gibbs ("Gibbs") at his address of record, the Greene County Detention Center ("GCDC"), was returned as undelivered, with no forwarding address. *Docs. 7 & 8.* The Court entered an Order on November 17, 2020, directing Gibbs to provide the Court with a change of

address within thirty (30) days, and, if he had been released from incarceration, to file a free-world Application to Proceed *In Forma Pauperis* ("IFP"). *Doc. 9*. This Order also informed Gibbs of his obligation, under Local Rule 5.5(c)(2), to maintain a valid mailing address with the Clerk of this Court, and warned that if Gibbs failed to timely and properly comply with the Order, his case would be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[1] *Id.*

On November 23, 2020, Gibbs filed a notice informing the Court that he was incarcerated in Scott County, Missouri. *Doc. 12*. On November 24, 2020, Gibbs notified the Court that he expected to be released soon, and requested his mail be forwarded to a private residence in Paragould, Arkansas.[2] *Doc. 13*.

Because it did not appear that the Court had updated Gibbs's mailing address to the private residence in Paragould, as requested by Gibbs in the notice filed November 24, 2020 (*Doc. 13*), and the record did not reflect that the Court's recent

---

[1] Local Rule 5.5(c)(2) states:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

[2] In a separate case pending before this Court, mail sent by the Court to Gibbs at the Scott County, Missouri address was returned as undeliverable with a written notation that Gibbs had been released on December 10, 2020. *See Case No.: 3:20-cv-00323, Doc. 24*.

Orders had been mailed to Gibbs at the Paragould address, the Court, by Order dated February 22, 2021, gave Gibbs a final thirty (30) day extension to pay the required filing fee or file an updated IFP application. *Doc. 17*. This Order again cautioned Gibbs that if he failed to comply within the designated time, or if the Court's mailing of the February 22, 2021 Order was returned as undeliverable, his case would be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2). *Id.*

The Clerk mailed a copy of the February 22, 2021 Order, along with a new IFP application and a copy of the docket sheet, to Gibbs at the Paragould address he provided. These mailings were returned as "undeliverable." *Docs. 18 & 19*. Additionally, as of the date of this recommendation, Gibbs has failed to comply with the Court's February 22, 2021 Order, and the time for doing so has expired. Gibbs has not had any contact with the Court since November 13, 2020.

## II.     CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.     Gibbs's case be DISMISSED, WITHOUT PREJUDICE, pursuant to Local Rule 5.5(c)(2) for lack of prosecution.

2.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 5th day of April, 2021

_____
UNITED STATES MAGISTRATE JUDGE